FILED
SUPERIOR COURT
OF GUAM

2022 JUN 22 AM 8: 24

CLERK OF COURT

BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>vs.<br><br>FRANK JAMES SAN NICOLAS,<br>DOB: 06/21/1970<br><br>Defendant. | CRIMINAL CASE NO.: CF0564-20<br><br>**DECISION AND ORDER**<br>*People's Motion in Limine to Exclude*<br>*Certain Evidence Under GRE 412 and 403* |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on May 13, 2022, for a hearing on the People's Motion in Limine to Exclude Certain Evidence Under GRE 412 and 403. Present at the hearing were: Defendant Frank San Nicolas ("Defendant") with Counsel Joaquin Arriola Jr., and Assistant Attorney General Richelle Y. Canto for the People. Having considered the arguments and the applicable law, the Court hereby **DENIES** the People's Motion to Exclude Certain Evidence Under GRE 412 and 403.

## BACKGROUND

This case arises from an Indictment returned by the grand jury on October 29, 2020, charging Defendant for the following: THIRD DEGREE CRIMINAL SEXUAL CONDUCT (As a Second Degree Felony), and FOURTH DEGREE CRIMINAL SEXUAL CONDUCT (As a Misdemeanor) 2 counts.

On February 14, 2022, the People filed the subject Motion to exclude evidence of A.S.'s (alleged victim hereinafter "Victim") consensual sexual intercourse with her boyfriend after the alleged sexual assault, and Victim's place of employment at Club USA, under GRE 412 and 403.

Defendant filed his Opposition on May 12, 2022, wherein he argued that the evidence indicated above would not be offered to prove Victim's sexual predisposition, but instead it would be offered for impeachment and credibility of Victim as a witness. Moreover Defendant pointed the Court's attention to persuasive authority, *Olden v. Kentucky*, 488 U.S. 227, for the contention that evidence that is relevant to consent and a motive to lie is constitutionally required under Defendant's Sixth Amendment right to confrontation and Rule 412 is no bar.

A hearing on the motion was held on May 13, 2022, where the People argued in support of their motion and Defendant argued in opposition. Since Defendant's Opposition was filed only a day before the oral arguments were held, the Court permitted the People to file their Reply, limited to the scope of the Opposition, by May 23, 2022. The People filed their Reply on May 20, 2022, and the Court took the matter under advisement on May 24, 2022.

## DISCUSSION

### I. RELEVANCE (GRE 401 & 402)

The Court's analysis of admissibility begins with whether the evidence is relevant. Evidence is relevant if it has "any tendency to make the existence of any fact that is of

consequence to the determination of the action more probable or less probable than it would be without the evidence." *People v. Perez*, 2015 Guam 10 ¶ 40; quoting GRE 401. This threshold was intended to be minimally stringent. *Id., see United States v. Aranda-Diaz*, 31 F.Supp. 3d 1285, 1289 (D.N.M. 2014). Further, a fact is of consequence when its existence would provide the fact-finder with a basis for making some inference, or chain of inferences, about an issue that is necessary to a verdict. *United States v. Begay*, 497 F. Supp.3d 1025, 1051 (D.N.M. 2020). Generally, all relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by the Organic Act, by the laws of Guam, by these Rules or other rules prescribed by the Supreme Court of Guam pursuant to statutory authority. Irrelevant evidence is not admissible. GRE 402. The Court now turns to the relevance of the purported evidence.

### a) Victim's consensual sexual intercourse with her boyfriend after the alleged sexual assault is relevant.

Courts have held that testimony about mental trauma following sexual assault is relevant to prove the element of criminal sexual assault. *Perez*, 2015 Guam 10 ¶ 40; *see State v. Alexander*, 401 S.E. 2d 146, 148-49 (S.C. 1991). The Guam Supreme Court has recognized that such testimony is pertinent because evidence of personality changes tends to establish or make a fact more or less probable that the offense occurred. *Id.; see also Parker v. State*, 846 A.2d 485, 496 (MD. Ct. Spec. App. 2004) (evidence of a victim's conduct following sexual assault is permitted to "demonstrate that the attack did occur or to show lack of consent.") Further, the Guam Supreme Court recognized two examples illustrating the same. First, in *State v. Cummings*, the court held that the victim's testimony that he was hospitalized and attempted suicide following sexual assault by his Boy Scout leader was material because it supported that the alleged incident took place because the defendant denied the sexual conduct.

716 P.2d 45, 47-48 (AZ. Ct. App. 1985); *see Perez*, 2015 Guam 10 ¶ 41. Second, in *People v. Perez*, the Guam Supreme Court held that the victim's testimony that she sought counseling services was relevant because the defendant denied that the sexual assault occurred. 2015 Guam 10 ¶ 41.

Here, without addressing the initial inquiry of whether the evidence is relevant, the People advance the argument that the fact that Victim had consensual sexual intercourse with her boyfriend after the alleged sexual assault is exactly the type of evidence that GRE 412 is intended to exclude. People's Mot. p. 2 (Feb. 14, 2022). Being that the initial inquiry of relevance is necessary to the Court's analysis, the Court begins there. Therefore, the question is whether the purported evidence of Victim's consensual sexual intercourse with her boyfriend after the alleged assault is relevant. The binding Supreme Court authority demonstrates that Victim's conduct, in this case Victim's consensual sexual intercourse with her boyfriend after the alleged sexual assault, is relevant and permitted to demonstrate the tendency to show that the alleged assault did occur or to show the lack of consent. *See Perez*, 2015 Guam 10 ¶ 40; *see also Parker v. State*, 846 A.2d 485, 496 (MD. Ct. Spec. App. 2004). Therefore, consistent with the binding Supreme Court authority, this Court finds that the evidence of Victim's sexual intercourse with her boyfriend after the alleged sexual assault is relevant.

**b) Victim's employment at Club USA is relevant.**

The next inquiry is whether evidence of Victim's place of employment, Club USA, is relevant. Here, the People argue that Victim's place of employment is not relevant. *See* People's Mot. p. 2 (Feb. 14, 2022). Defendant, on the other hand, argues that Victim's place of employment is relevant to Victim's credibility as a witness. Def's Mot. p. 4 (May 12, 2022); Entry 2:45:00 (May 12, 2022). Generally, "the testimony of a victim need not be corroborated in prosecution [of criminal sexual conduct cases specifically] under §§ 25.15 through 25.35."

*People v. Finik*, 2017 Guam 21 ¶ 20. However, the Guam Supreme Court held that evidence of a victim's credibility is relevant and admissible "when the only witness against the defendant is the victim." *People v. San Nicolas*, 2020 Guam 9 ¶ 15. When "the victim's testimony alone may sustain a conviction, [it] highlights the importance of the victim's credibility." *Id.* The trial court is concerned with the existence or nonexistence of evidence, not its weight. *Finik*, 2017 Guam ¶ 22. The tasks of determining the weight of the evidence and inconsistencies of testimony lies within the purview of the jury. *Id.* In other words, the question before the Court here is only whether Victim's place of employment is relevant to her credibility as a witness. The actual weight of Victim's employment at Club USA is a question reserved for the jury.

The Court finds that Victim's place of employment is relevant to her credibility for the following reasons. First, Victim's place of employment makes the question of consent more or less probable than it would be without the purported evidence. This satisfies the basic inquiry of relevancy under GRE 401. Second, as the record stands, Victim is the only witness present at the time of the alleged assault. This fact highlights the importance of Victim's credibility in determining Defendant's guilt. Finally, given the minimally stringent standard of GRE 401, the Court finds that this purported evidence is relevant.

## II.   GUAM'S RAPE SHIELD LAW (GRE 412(a))

Having determined that the evidence is relevant under GRE 401, the question then becomes whether GRE 412 bars the evidence from being admitted. GRE 412 was adopted from the Federal Rules of Evidence Rule 413, and it "aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details." *People v. Patrick*, 2016 Guam 2 ¶ 28; quoting *Wilson v. City of Des Moines*, 442 F.3d 637, 643-44 (8th Cir. 2006). It does so by "preclud[ing] the routine use of evidence of specific instances of a rape victim's *prior sexual behavior.*" *Id.*

(emphasis added); *United States v. Azure*, 845 F.2d 1503, 1506 (8th Cir. 1988). Guam's rape shield law, GRE 412, provides:

> (a) Evidence generally admissible. The following evidence is *not admissible* in any civil or criminal proceeding involving alleged sexual misconduct except as provided in subdivisions (b) and (c):
>> 1) Evidence offered to prove that any alleged victim engaged in *other sexual behavior*; and
>> 2) Evidence offered to prove any alleged victim's sexual *predisposition*.

*San Nicolas*, 2020 Guam 9 ¶ 8 (emphasis added); citing GRE 412(a). The Guam Supreme Court views the purpose of GRE 412 as preventing evidence that is irrelevant or meant to be harassing. It is *not meant to deprive a defendant of the opportunity to impeach or discredit a witness on credibility. Id.* at ¶ 12 (emphasis added).

### a) GRE 412 does not apply to Victim's consensual sexual intercourse with her boyfriend after the alleged sexual assault.

First, the People argue the evidence should be excluded under GRE 412 because the fact that Victim consented to sexual intercourse later with her boyfriend has no bearing on whether she was sexually assaulted earlier that day. People's Mot. p. 2 (Feb. 14, 2022). The People further argue that Rule 412 has been interpreted to bar all other activities that involve sexual intercourse or contact such as contraceptives, illegitimate child, and evidence of venereal disease. People's Reply p. 3 (May 20, 2022). The People's argument fails for two reasons. First, the authority cited by the People is not persuasive. While other jurisdictions may have interpreted Rule 412 to bar all sexual activities, the Guam Supreme Court has interpreted GRE 412 to exclude evidence of specific instances of a rape victim's *prior sexual behavior.* *See Patrick*, 2016 Guam 2 ¶ 28 (emphasis added). Here, the purported evidence here involves Victim's sexual behavior *after* the alleged assault. Therefore, the purported evidence falls outside the realm of GRE 412, and the analysis jumps to admissibility under GRE 403. Second, Defendant argues that the evidence will not be used to prove Victim's sexual predisposition,

but instead be used for impeachment and Victim's credibility. Therefore, even if GRE 412 did apply to the purported evidence here, GRE 412 is not meant to deprive Defendant of the opportunity to impeach or discredit Victim on credibility. *See San Nicolas*, 2020 Guam 9 ¶ 12. In other words, GRE 412 does not apply, nor does it preclude evidence of Victim's consensual sexual intercourse with her boyfriend after the alleged assault for impeachment and credibility purposes.

### b) GRE 412 does not apply to Victim's place of employment at Club USA.

The Court yields a similar conclusion here. First, Victim's place of employment does not fall within the purview of GRE 412(a)(1) as other sexual behavior that would trigger preclusion. Victim indicated that she was a "waitress" at Club USA, which is not indicative of sexual behavior. Second, Defendant argues that the evidence will not be offered to prove Victim's predisposition under GRE 412 (a)(2), but instead for Victim's credibility. Def's Opp'n p. 4 (May 12, 2022). The Court has held above that evidence of Victim's place of employment is relevant, and the weight of that evidence is for the jury to decide. Further, GRE 412 was not meant to deprive Defendant of the opportunity to impeach or discredit Victim on credibility. *See San Nicolas*, 2020 Guam 9 ¶ 12. Since GRE 412 does not apply, the Court is not prompted to analyze its exceptions. The Court now turns to GRE 403.

## III. EXCLUSION OF RELEVANT EVIDENCE ON GROUNDS OF PREJUDICE, CONFUSION, OR WASTE OF TIME (GRE 403)

Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Perez*, 2015 Guam 10 ¶ 42; quoting GRE 403. "The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the fact finder

into declaring guilt on a ground different from proof specific to the offense charged." *San Nicolas*, 2020 Guam 9 ¶ 13; citing *Old Chief v. United States*, 519 U.S. 172, 180 (1997). The Court has concluded that the purported evidence is relevant and admissible. Therefore, the final inquiry is whether the probative value of the evidence, limited to the purpose of impeachment and credibility, is substantially outweighed by unfair prejudice to Victim. The Guam Supreme Court has addressed this inquiry in the *San Nicolas* case.

In *People v. San Nicolas*, the Supreme Court found no substantial unfair prejudice from an impeachment question asked to undermine a victim's credibility when the evidence is of a recanted allegation of criminal sexual conduct involving similar circumstance. 2020 Guam 9 ¶ 15. The Supreme Court further found that because the only witness against the defendant was the victim, and that the victim's testimony alone may sustain a conviction, the probative value of the impeachment question asked to the victim was apparent. *Id.*

The Court finds that the probative value of the evidence of Victim's consensual sexual intercourse with her boyfriend after the alleged assault, and Victim's place of employment substantially outweigh the danger of unfair prejudice to Victim. This holding is consistent with the binding Supreme Court authority that when Victim's credibility alone may sustain a conviction there is no unfair prejudice from an impeachment question related to the evidence. *See San Nicolas*, 2020 Guam 9 ¶ 15. As such, the Court finds that the evidence of Victim's consensual sexual intercourse with her boyfriend after the alleged sexual assault, and Victim's place of employment are relevant and admissible under 401 and 403.

## IV.     OLDEN V. KENTUCKY, 488 U.S. 227 (1988)

Defendant points the Court's attention to *Olden v. Kentucky*, 488 U.S. 227, for the contention that the United States Supreme Court held that a trial court failed to afford a defendant his Sixth Amendment right to confrontation by limiting his examination of an

alleged victim due to applicable rape shield law. 488 U.S. at 229-32. Having found that the GRE 412 rape shield law does not apply to the instant matter, the Court is not prompted to entertain the cited persuasive authority.

## CONCLUSION

For the above reasons, the Court **DENIES** the People's Motion in Limine to Exclude Certain Evidence Under GRE 412 and 403. The evidence will be admitted and subject to the limited use set forth in Defendant's Opposition—impeachment and credibility.

**IT IS SO ORDERED** ___JUN 2 2 2022___ .



**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam